EOWEN S. ROSENTRATER, WSBA No. 36744
LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington, Suite 302
Spokane, WA 99201
Telephone: (509) 868-5389
Fax: (509) 271-3432

# UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIGIDEAL CORPORATION, a Washington Corporation<br><br>Plaintiff,<br><br>vs.<br><br>SHUFFLE TECH INTERNATIONAL, LLC, an Illinois Corporation, RICHARD SCHULTZ, an individual, and POYDRAS-TALRICK HOLDINGS LLC, a Delaware Corporation<br><br>Defendants. | Case No. 14-277<br><br>COMPLAINT |

Plaintiff, DigiDeal, by and through its attorney of record, Eowen S. Rosentrater, appears and states by way of Complaint, the following:

## I. PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff, DigiDeal, is a Nevada corporation with an address of 5207 E. Third Avenue, Spokane Valley, WA 99212, organized and existing under the laws of the State of Nevada with its principal place of business in Washington.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)     (509) 271-3432 (F)

1.2     Defendant Shuffle Tech International LLC, refers to itself throughout correspondence with DigiDeal as well as on its website as Shuffle Tech International LLC (hereinafter "Shuffle Tech"). Shuffle Tech is a home card shuffler manufacturer, licensed to do business in Illinois, with an address of 1440 N. Kingsbury Street, Suite 281, Chicago, IL 60642.

1.3     Defendant Richard Shultz is an individual who, upon information and belief, is a resident of the State of Illinois.

1.4     Defendant, Poydras-Talrick, refers to itself throughout dealings with DigiDeal as well as in the Agreements as Poydras-Talrick Holdings LLC (hereinafter "Poydras").  Poydras appears to be incorporated in the state of Delaware.  Under the Agreements between the parties, it lists its own address as 2217 Veterans Memorial Blvd., Suite 186, Metairie, LA 70002.

1.5     Subsequently, Shuffle Tech and DigiDeal entered into a valid Exclusive Patent Technology License Agreement wherein they agreed to have Washington law govern an agreement relating to the same subject matter, and also consented to submit to the exclusive jurisdiction of the courts of the State of Washington and of the United States of America located in Washington State.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)     (509) 271-3432 (F)

1.6    Personal jurisdiction of this matter is vested in this Court and is proper under the Washington long arm statute and traditional notions of fair play and substantial justice.

1.7    This action is brought under, and jurisdiction of this matter is vested in this Court through 28 U.S.C. § 1332 and meets requirements including complete diversity of citizenship and amount in controversy.

1.8    Venue is proper in this action under 28 U.S.C. § 1391, due to a substantial part of the events or omissions taking place in this District, and where any defendant is subject to personal jurisdiction in this District.

## II. FACTS

2.1    DigiDeal realleges and reincorporates all preceding averments as if fully set forth herein.

2.2    This breach of contract action stems from a Master Patent Technology License and Sublicense Agreement executed by Shuffle Tech, Poydras, and DigiDeal, effective September 13, 2012 (hereinafter "the Master Agreement"), a First Amendment to the Patent and Technology License and Sublicense Agreement executed by Shuffle Tech, Poydras, and DigiDeal, effective July 22, 2013 (hereinafter "the First Amendment")(collectively the Master Agreement and the First Amended Agreement are referred to herein as "the Agreements").

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

2.3    DigiDeal and Shuffle Tech also entered into an Exclusive Patent Technology License Agreement on February 4, 2014, (hereinafter "the Washington Agreement").

### Master Agreement

2.4    Shuffle Tech owned certain Licensed Patent Rights and Licensed Technology Rights, which it wished to have developed as mechanical card shuffling devices for use in regulated gaming venues.

2.5    Poydras wished to obtain a license from Shuffle Tech to use the Licensed Patent Rights and Licensed Technology Rights owned by Shuffle Tech, primarily to grant a sublicense to DigiDeal and earn royalties.

2.6    DigiDeal wished to obtain an exclusive , perpetual sublicense from Poydras to use the Licensed Patent Rights and Licensed Technology Rights owned by Shuffle Tech and develop and manufacture products for sale and lease utilizing those Rights.

2.7    On September 13, 2012, the Parties entered into the Master Agreement, in which Shuffle Tech granted a license in its Patent and Technology Rights, including a Master Distribution License to Poydras and DigiDeal for use in regulated gaming venues. See attached as Exhibit 1, Master Patent and Technology License and Sublicense Agreement.

2.8    The Master Agreement listed Shuffle Tech as the "licensor" of the agreement, Poydras as the "licensee," and DigiDeal as the "sub-licensee."

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

2.9    The Master Agreement set forth the rights and obligations of the parties.

2.10    Under the Agreement, Shuffle Tech agreed to indemnify both Poydras and DigiDeal with respect to a lawsuit entitled *Shuffle Tech International, LLC v. Wolff Gaming, Inc.* pending in the United States District Court for the Northern District of Illinois.

2.11    Under the Agreement, Shuffle Tech agreed and warranted that it would not become a party to any other agreement or arrangement, which would prevent it from entering into or performing any obligations of this Agreement.

2.12    Under the Agreement, Shuffle Tech warranted that it was the sole owner of "all right, title and interest in and to the Patent Rights, Technology Rights and Technology Improvements (the Licensed Subject Matter) and every claim released herein, and it has not sold, assigned, transferred or otherwise disposed of any claim or demand, or any portion of or interest in any claim or demand, related to the Licensed Subject Matter or any matter covered by this Agreement."

2.13    In Section 11.1 of the Master Agreement Shuffle Tech also agreed to:

defend, at its expense, any third-party action, suit or proceeding against Licensor, Licensee and/or Sub-Licensee ("Claim") to the extent such Claim is based upon an allegation that a Licensed Product, as of its delivery date under this Agreement, infringes a valid United States patent or copyright or misappropriates a third-party's trade secret, subject to the following limitations: (a) Licensor shall have approved in writing the specific engineering and design of said Licensed Product, otherwise the terms of this Indemnification shall not apply, (b) Licensor's liability under this section

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

shall be limited to claims of infringement against features described in
Licensed Subject Matter, and shall exclude features not specifically
described in Licensed Subject unless said features are specifically approved
in writing pursuant to 11.1(a), and (c) Licensor's indemnification pursuant to
this section shall terminate upon Licensee's exercise of the Right of Option
or upon the sale of licensed Subject Matter pursuant to Sections 3.1-3.3.
Licensor will indemnify Licensee and/or for the judgment amount finally
awarded by a court or agreed to in a settlement and reasonable attorneys'
fees resulting from a Claim as provided in this Section. The foregoing states
Licensor's entire liability and Licensee's and Sub-Licensee's sole and
exclusive remedy with respect to any infringement or misappropriation of
any intellectual property rights of any other party.

2.14    Shuffle Tech, through its CEO Richard Schultz, made several

representations including but not limited to the fact it had already developed a camera

based deck auditing system to be used in the products to be manufactured by DigiDeal,

that the camera system had already been developed and that the cost of each system unit

would be less than $100 per unit.

2.15    The estimate of the price that DigiDeal could manufacture the products was

based, in part, on the representations made by Shuffle Tech as to the cost to incorporate

the deck auditing system for the shuffler.

2.16    Shuffle Tech's representations with regard to the camera system proved

false. The camera system had not been developed and the per unit cost to integrate the

deck auditing system was over $450 per unit; not less than $100 per unit as represented.

2.17    Under the Master Agreement, Poydras also agreed to be held to certain

obligations.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

2.18    First, Poydras agreed to pay DigiDeal approximately Five-Hundred Thousand Dollars ($500,000) for research, development, licensing, marketing, and production of the licensed product.

2.19    The Master Agreement also demonstrated that DigiDeal did not have obligations to pay royalties to either Shuffle Tech or Poydras until certain requirements were met.

2.20    DigiDeal was exempted from the payment of royalties to both Shuffle Tech and Poydras, until the units were placed into operation.

2.21    Also, Poydras, not DigiDeal, agreed to pay advanced royalties to Shuffle Tech.

2.22    Poydras failed to pay the approximately $500,000 owed to DigiDeal as contracted and paid only $243,503 of the amount due to DigiDeal for development and initial production.

2.23    In January 2013, a lawsuit was initiated in Nevada District Court against DigiDeal Corporation by SHFL Entertainment, Inc. under case number 2:12-cv-01782, in which SHFL Entertainment, Inc. alleged that a Licensed Product, manufactured by DigiDeal, infringed a valid United States patent or copyright.

2.24    On July 11, 2013, prior to the First Amendment, Shuffle Tech entered into a Security Agreement with Kerr IP Group ("KIPG"), granting KIPG a secured interest in

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

the royalties due to Shuffle Tech, and the intellectual property owned by Shuffle Tech, which Shuffle Tech had licensed to Poydras and DigiDeal, as collateral in the amount of $400,000 in violation of the Master Agreement. See attached as Exhibit 2, Security Agreement; and Exhibit 3 Amendment to the Security Agreement.

**First Amendment**

2.25   The development of the single-deck, flush-mounted card shuffler with the capability to visually inspect and verify the quantity of shuffled cards was completed by DigiDeal, as contracted.

2.26   The development process prior to the entry of the First Amendment took longer and cost more than expected and further funding was required to finalize the design and move to production due to no fault of DigiDeal.

2.27   The development process took longer and cost more than expected in large part because of misrepresentations regarding the camera system made to DigiDeal by Shuffle Tech.

2.28   As of July 22, 2013, DigiDeal had spent a total of approximately $276,255 for development expense and production of 30 units; an additional $22,000 for outside engineering of the imaging processing system which Shuffle Tech agreed to pay for; and, over an additional $150,000 on internal engineering costs.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)     (509) 271-3432 (F)

2.29   In addition, the finished product proved to be more costly to manufacture than expected and negotiated in the Master Agreement.

2.30   Based upon these changes, on July 22, 2013, the Parties entered into a First Amendment to Patent and Technology License and Sublicense Agreement, which related to the same Licensed Patent Rights and Licensed Technology Rights and incorporated the Master Agreement. See attached as Exhibit 4, First Amendment to Patent and Technology License and Sublicense Agreement.

2.31   The First Amendment again listed Shuffle Tech as the "licensor" of the agreement, Poydras as the "licensee," and DigiDeal as the "sub-licensee."

**Poydras' Obligations**

2.32 Again, as in the Master Agreement, Poydras was held to certain obligations under the First Amendment.

2.33   Poydras again promised to pay advanced royalties to Shuffle Tech, and to supply DigiDeal with additional monies.

2.34   The First Amendment again required Poydras to pay approximately $500,000 to DigiDeal, for research, development, licensing, marketing, and production.

2.35   The First Amendment increased the advanced royalties owed from Poydras to Shuffle Tech for various expenses incurred by Shuffle Tech.  This increased the total advanced royalties from $500,000 to $624,325.68 to be paid to Shuffle Tech by Poydras.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

2.36   Poydras was required to immediately pay off outstanding debts owed to Sensory Labs, Watson Rounds, Kerr IP Group. The payment of those outstanding debts by Poydras were to be considered advance royalties to Shuffle Tech.

2.37   Pursuant to the First Amendment, Shuffle Tech received the majority of its advance royalty from Poydras, however, DigiDeal received only $243,503 of the $500,000 due to it for the development and initial production, and, therefore, DigiDeal funded the development and initial production itself.

2.38   In the First Amendment, DigiDeal did not guarantee funding to Shuffle Tech or Poydras.  DigiDeal never agreed to be the guarantor for either Shuffle Tech's nor Poydras' responsibilities in either the Master Agreement or the First Amendment.  It was not anticipated nor agreed that DigiDeal would be the guarantor of either Shuffle Tech's or Poydras' obligations, nor that DigiDeal would become the third party funding source.

2.39   As in the Master Agreement, Shuffle Tech again agreed to indemnify and reaffirmed its obligation to pay all expenses related to *SHFL v. DigiDeal* litigation in the First Amendment.

2.40   Subsequently, Shuffle Tech defaulted on its payments to KIPG. See attached as Exhibit 5, December 2, 2013 letter from Kerr IP Group to Rick Shultz, Shuffle Tech International, Inc.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

2.41   DigiDeal was left no choice but to fund KIPG so that it would not foreclose or force the sale of the Patent Rights, affecting DigiDeal's license, or withdraw from its representation of DigiDeal in the litigation in which DigiDeal was a named defendant, under the Security Agreement executed between Shuffle Tech and KIPG.

2.42   In December 2013, DigiDeal was forced to enter into a new fee agreement with KIPG and to essentially guarantee payment of the litigation costs at a higher rate than previously committed by Shuffle Tech so as to avoid the forced sale of the patents or disruption in the defense of the litigation as KIPG had threatened withdrawal from representation.

2.43   However, DigiDeal was forced into more obligations than contractually required.

### Post-Termination of Poydras

2.44     After the First Amendment was executed, Poydras defaulted on several payments under the Agreements including payments due to Watson Rounds, Sensory Labs, KIPG and monies due to DigiDeal.

2.45     Due to these and other defaults, Shuffle Tech terminated the Agreements with respect to Poydras on October 30, 2013. See attached as Exhibit 6, Letter from Shuffle Tech, terminating the Agreements as to Poydras.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

2.46    At that time, Poydras had only paid approximately $10,000 of approximately $21,000 still owed to Watson Rounds.

2.47    Further, Poydras still owed $12,000 to Sensory Labs, which severely limited DigiDeal's relationship with Sensory Labs, a critical technology supplier.

2.48    Poydras never paid more than the $243,503 of the approximately $500,000 it is required to pay DigiDeal under the Master Agreement and the First Amendment, making DigiDeal's obligations impossible under the Agreements.

2.49    DigiDeal, in reliance on the obligations under both the Master Agreement and the First Amendment, continued to expend significant time and monies developing the product.

**Negotiations and Second Amendment Between Shuffle Tech and DigiDeal**

2.50    After Shuffle Tech's termination of the Agreements as they related to Poydras in October, 2013, Shuffle Tech and DigiDeal continued negotiations to make the Second Amendment to the Agreements, either as an amendment, or as an entirely new agreement.

2.51    On November 22, 2013, Rick Schultz wrote to Allen Esparza with the Washington State Gambling Commission and expressed the intent that the current license agreement would be replaced with a two-party intellectual property license agreement between Shuffle Tech and DigiDeal wherein DigiDeal would assume all rights to design,

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)   (509) 271-3432 (F)

manufacture, sales, marketing, distribution, installation, servicing or warranting. See

attached Exhibit 7, Letter dated November 22, 2013.

2.52    However, neither Shuffle Tech nor DigiDeal intended to waive or forgive

any obligations due under the prior agreements.

2.53    On February 4, 2014, Shuffle Tech and DigiDeal entered into an Exclusive

and Patent Technology License Agreement, relating to the use of the license for sales and

leases of manufactured products within the State of Washington. See attached, Exhibit 8,

Exclusive Patent Technology License Agreement Limited to the License and Sales and

Leases of Licensed Products in the State of Washington.

2.54    This time, the Washington Agreement listed Shuffle Tech as the "licensor"

of the agreement, and DigiDeal as the sole "licensee."

2.55    Shuffle Tech and DigiDeal agreed to have Washington law govern this

Agreement.

2.56    Shuffle Tech and DigiDeal also agreed and consented to submit to the

exclusive jurisdiction of the courts of the State of Washington and of the United States of

America located in Washington State for any actions arising out of the Washington

Agreement.

2.57    Although the Washington Agreement included an integration clause, Shuffle

Tech and DigiDeal agreed in the Washington Agreement that it was not intended to

COMPLAINT
P a g e | **13**

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

waive or otherwise forgive any prior breaches of contract, unpaid obligations, or other obligations under the Master Agreement or the First Amendment.

2.58   The Washington Agreement granted a perpetual, exclusive license from Shuffle Tech to DigiDeal, free from any royalties.

2.59   The Washington Agreement did not establish DigiDeal as guarantor of prior breaches or unpaid debts by Poydras including payment of advance royalties, payments to Watson Rounds, payments to Sensory Labs, or payments to KIPG.

2.60   The Washington Agreement did not release Poydras from any of its prior obligations to either Shuffle Tech or DigiDeal, including payment of its obligation to DigiDeal, payments to Watson Rounds, payments to Sensory Labs, or payments to KIPG.

2.61   The Washington Agreement did not release Shuffle Tech from its obligations including its promise to indemnify DigiDeal, and pay litigation expenses related to *SHFL v. DigiDeal* litigation under the Agreements.

2.62   Shuffle Tech agreed in the Master Agreement, First Amendment and the Washington Agreement that the license granted was exclusive, and that Shuffle Tech would not grant any other licenses on the subject matter of the Agreements.

2.63   However, Shuffle Tech continues to reach out to third parties to sell licenses that it already sold to DigiDeal.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

2.64    As of the date of filing this action, neither Shuffle Tech nor Poydras has paid Watson Rounds or Sensory Labs for the remaining balances owed to them, respectively, or any payments to KIPG, under the Agreements.

2.65    As of the date of filing this action, Poydras has not paid the monies owed to DigiDeal.

2.66    As of the date of filing this action, DigiDeal was forced to pay all the litigation expenses, which Shuffle Tech agreed to pay under the Agreements. Shuffle Tech has defaulted in its obligation to pay defense costs.

2.67    As a direct and proximate result of Shuffle Tech's failure to pay defense costs, DigiDeal has been forced into an unfavorable stipulated stay of litigation prohibiting it from moving forward with placing units in the field and is unable to generate revenues with the product.

2.68    Richard Shultz, as CEO of Shuffle Tech, acted, authorized and/or directed the wrongful conduct of Shuffle Tech International, LLC.

2.69    Richard Schultz is individually and/or jointly liable for the wrongful acts of Shuffle Tech International, LLC as described herein.

### III.    FIRST CAUSE OF ACTION: BREACH OF CONTRACT BY SHUFFLE TECH

3.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 2.69 as though fully set forth herein.

COMPLAINT

**P a g e | 15**

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)     (509) 271-3432 (F)

3.2    DigiDeal has performed all of its obligations, covenants and promises to be performed in accordance with the Agreements between the parties.

3.3    Pursuant to the Agreements, Defendant Shuffle Tech owed for costs of litigation beginning September 12, 2012, for *SHFL v. DigiDeal* litigation.

3.4    Defendant Shuffle Tech breached its contract with Plaintiff by entering into a Security Agreement with KIPG, defaulting on payments for litigation to KIPG, and refusing to pay, jeopardizing the license agreement, and never paying litigation costs which it repeatedly promised to pay.

3.5    Defendant Shuffle Tech breached its contract and continues to breach its contract with Plaintiff by continuing to solicit third parties to sell licenses already granted to DigiDeal in the Agreements.

3.6    Defendant Shuffle Tech breached its contract with Plaintiff by failing to pay Watson Rounds, Sensory Labs and KIPG after the termination of Poydras.

3.7    Plaintiff has suffered damages in an amount to be proven at trial, as a direct and proximate result of Defendants' breach of the Agreements.

## IV. SECOND CAUSE OF ACTION: INTERFERENCE WITH CONTRACTUAL RELATIONS BY SHUFFLE TECH

4.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 3.7 as though fully set forth herein.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302 Spokane, WA 99201
(509) 868-5389 (T)    (509) 271-3432 (F)

4.2    At the time of the conduct at issue, DigiDeal was a party to a valid contract with Poydras for a license agreement under the Agreements.

4.3    Defendant Shuffle Tech had knowledge of that contractual relationship.

4.4    Shuffle Tech intentionally caused a breach or termination of the contractual relationship between Poydras and DigiDeal.

4.5    Shuffle Tech's interference was for an improper purpose or by improper means.

4.6    DigiDeal has suffered damages in an amount to be proven at trial, as a direct and proximate result of Defendant Shuffle Tech's interference with contractual relations.

## V. THIRD CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY SHUFFLE TECH

5.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 4.6 as though fully set forth herein.

5.2    Shuffle Tech acted in bad faith and ceased its express obligation under the Agreements to apply "good faith commercial efforts" to execute the Agreements.

5.3    Shuffle Tech breached its implied covenant of good faith and fair dealing by entering into a Security Agreement with KIPG, defaulting on payments for litigation to KIPG, and refusing to pay, jeopardizing the license agreement, and never paying litigation costs which it repeatedly promised to pay.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

5.4    Shuffle Tech did not pay those litigation costs, and allowed default on its security agreement purely to avoid paying such costs.

5.5    Shuffle Tech breached its implied covenant of good faith and fair dealing by never paying Watson Rounds, Sensory Labs or KIPG.

5.6    Shuffle Tech also breached its implied covenant of good faith and fair dealing by continuing to approach third parties to sell licenses already sold to DigiDeal in the exclusive License Agreements.

5.7    DigiDeal has suffered damages in an amount to be proven at trial, as a direct and proximate result of Defendant Shuffle Tech's breach of implied covenant of good faith and fair dealing.

## VI. FOURTH CAUSE OF ACTION: BREACH OF CONTRACT BY POYDRAS

6.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 5.7 as though fully set forth herein.

6.2    Pursuant to the Master Agreement and First Amendment, attached hereto as Exhibits 1 and 2, Defendant Poydras owed approximately $500,000 to DigiDeal, and only paid $243,503 of that obligation.

6.3    Defendant breached its contract with DigiDeal by never paying the full amount of the monies owed to DigiDeal, which it repeatedly promised to pay and reaffirmed in the First Amendment.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

6.4    By making no efforts to pay the monies owed to DigiDeal that it repeatedly and expressly agreed to pay in the Agreements, such failure to pay these monies severely inhibited the ability of the parties to fulfill their contractual obligations under the Agreements.

6.5    Pursuant to the Agreements, at the time of its termination, Defendant Poydras still owed $11,000 to Watson Rounds and $12,000 to Sensory Labs.

6.6    By making no efforts to pay these costs to Watson Rounds, Sensory Labs, and Kerr IP Group that it repeatedly and expressly agreed to pay in the Agreements, such refusal to pay these costs severely inhibited the ability of the parties to fulfill their contractual obligations under the Agreements.

6.7    DigiDeal has performed all of its obligations, covenants and promises to be performed in accordance with the Agreements between the parties.

6.8    Plaintiff has suffered damages in an amount to be proven at trial, as a direct and proximate result of Defendant Poydras' breach of the contract.

## VII. FIFTH CAUSE OF ACTION: INTERFERENCE WITH CONTRACTUAL RELATIONS BY POYDRAS

7.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 6.8 as though fully set forth herein.

7.2    At the time of the conduct as issue, pursuant to the Agreements, DigiDeal was a party to a valid contract with Shuffle Tech for a license agreement.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

7.3    Defendant Poydras had knowledge of that contractual relationship.

7.4    Poydras intentionally caused a breach or termination of the contractual relationship by making no efforts to pay the full amounts owed to DigiDeal that it repeatedly and expressly agreed to pay in the Agreements.

7.5    Such refusal to pay the monies owed severely inhibited the ability of the parties to fulfill their contractual obligations under the Agreements.

7.6    Poydras intentionally caused a breach or termination of the contractual relationship by making no efforts to pay the full costs to Watson Rounds, Sensory Labs, and Kerr IP Group which it repeatedly and expressly agreed to pay in the Agreements.

7.7    Such refusal to pay costs severely inhibited the ability of the parties to fulfill their contractual obligations under the Agreements.

7.8    Poydras' interference was for an improper purpose or by improper means.

7.9    DigiDeal has suffered damages in an amount to be proven at trial, as a direct and proximate result of Defendant Poydras' interference with contractual relations.

## VIII. SIXTH CAUSE OF ACTION: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY POYDRAS

8.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 7.9 as though fully set forth herein.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302 Spokane, WA 99201
(509) 868-5389 (T)    (509) 271-3432 (F)

8.2    Poydras acted in bad faith and ceased its express obligation under the Agreements to apply "good faith commercial efforts" to execute the Agreements.

8.3    Poydras has breached its implied covenant of good faith and fair dealing by making no efforts to pay the monies owed to DigiDeal that it repeatedly and expressly agreed to pay in the Agreements.

8.4    Poydras breached its implied covenant of good faith and fair dealing by making no efforts to pay other costs to Watson Rounds, Sensory Labs and Kerr IP Group that it repeatedly and expressly agreed to pay in the Agreements.

8.5    DigiDeal has suffered damages in an amount to be proven at trial, as a direct and proximate result of Defendants' breach of implied covenant of good faith and fair dealing.

### IX. SEVENTH CAUSE OF ACTION:
### PROMISSORY ESTOPPEL/ RELIANCE DAMAGES

9.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 8.5 as though fully set forth herein.

9.2    The First Amendment addressed both funds advanced and funding for production, leasing and sales. Poydras promised third party funding and promised that DigiDeal would be funded.

9.3    Shuffle Tech entered into the First Amendment and accepted advance royalty payments paid to it under the First Amendment.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

9.4    Believing that it would be paid as agreed by Poydras and Shuffle Tech, DigiDeal funded the development and initial production itself.

9.5    As of July 22, 2013, the date of the First Amendment, DigiDeal spent approximately $276,255 for development expense in addition to costs of approximately $22,000 and an additional approximately $150,000 on internal engineering costs in reliance on Shuffle Tech and Poydras' promises.

9.6    To-date, DigiDeal has been forced to incur additional expenses, which exceed $640,000, including but not limited to approximately:

$83,330 paid to Kerr IP Group;

$11,951.93 paid to Watson Rounds;

$3,500 paid to Sensory Labs;

$95,600 for travel, shipping and miscellaneous expenses;

$265,000 estimated engineering development expenses (inside engineering expenses calculated at the reasonable rate of $40 per hour for approximately 7,000 hours of engineering, compared to contract engineering rates over $125 per hour);

$58,000 paid to Poydras for payment made to Kerr IP Group under a Loan and Security Agreement dated October 5, 2013; and

$125,000 estimated expenses for parts, labor and manufacturing.

9.7    DigiDeal was only compensated a total of $243,500 of which $100,000 was

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

considered an engineering fee, leaving only $143,500 for the remainder of the related expenses.

9.8    DigiDeal reasonably relied upon the assurances of Poydras and Shuffle Tech.

9.9    Poydras and Shuffle Tech knew that DigiDeal would rely upon their assurances.

9.10    As a direct and proximate result of DigiDeal's reasonable reliance on Poydras' and Shuffle Tech's assurances, DigiDeal was harmed in amounts to be proven at trial.

## X. EIGHTH CAUSE OF ACTION: UNJUST ENRICHMENT

10.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 9.10 as though fully set forth herein.

10.2    The First Amendment addressed both funds advanced and funding for production, leasing and sales. Poydras promised third party funding and promised that DigiDeal would be funded.

10.3    Shuffle Tech entered into the First Amendment and accepted advance royalty payments paid to it under the First Amendment.

10.4    Believing that it would be paid as agreed by Poydras and Shuffle Tech, DigiDeal funded the development and initial production itself.

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

10.5    In reliance on Shuffle Tech and Poydras' promises, DigiDeal has been

forced to incur expenses exceeding $640,000, including but not limited to approximately:

> $83,330 paid to Kerr IP Group;

> $11,951.93 paid to Watson Rounds;

> $3,500 paid to Sensory Labs;

> $95,60000 for travel, shipping and miscellaneous expenses;

> $265,000 estimated engineering development expenses (inside engineering expenses calculated at the reasonable rate of $40 per hour for approximately 7,000 hours of engineering compared to contract engineering rates over $125 per hour);

> $58,000 paid to Poydras for payment made to Kerr IP Group under a Loan and Security Agreement dated October 5, 2013.
> $58,000 paid to Poydras for payment made to Kerr IP Group under a Loan and Security Agreement dated October 5, 2013; and

> $125,000 estimated expenses for parts, labor and manufacturing.

10.6    DigiDeal was only compensated a total of $243,500 of which $100,000 was

considered an engineering fee, leaving only $143,500 for the remainder of the related

expenses.

10.7    Solely because of DigiDeal's efforts and financial investments, Shuffle Tech

has a working prototype based upon its patents that it licensed to DigiDeal, which has

successfully endured field trials.

10.8    Shuffle Tech is now actively marketing the DigiDeal designed product and

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

the Shuffle Tech patents in the market, without the consent of DigiDeal.

10.9    Shuffle Tech has not compensated DigiDeal yet knowingly continues to use DigiDeal's investment to its own benefit.

10.10    As a direct and proximate result of DigiDeal's investments of time and money, Shuffle Tech has been unjustly enriched.

10.11    DigiDeal is entitled to compensation in amounts to be proven at trial.

## XI. NINTH CAUSE OF ACTION: SPECIFIC PERFORMANCE

11.1    Plaintiff hereby incorporates and realleges paragraphs 1.1 through 10.11 as though fully set forth herein.

11.2    Plaintiff entered into an agreement for an exclusive, perpetual license to specific Licensed Patent Rights.

11.3    Plaintiff spent money, expended effort to develop and manufacture products and intellectual property related to and in reliance on the fact that it had an exclusive, perpetual license to the agreed upon Licensed Patent Rights.

11.4    Due to Plaintiff's efforts, a product has been developed which has successfully endured field trials.

11.5    Due to Poydras' and Shuffle Tech's breaches, including but not limited to failure to fund the defense of the pending litigation against DigiDeal resulting in DigiDeal being forced into a Stipulation halting sales, DigiDeal has been unable to move

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

forward with placing units in the field and is unable to generate revenues with the product.

11.6    It is difficult to prove Plaintiff's damages with reasonable certainty as to the loss of business opportunities, lost profits, exposure to litigation, loss in value to related patents, et cetera.

11.7    The collection of an award of damages is not likely.

11.8    The Licensed Patent Rights are unique and money damages cannot adequately compensate for the Defendants' breaches.

11.9    Specific performance, granting DigiDeal a two-party, exclusive, perpetual license, as licensee as contemplated when the Agreements were terminated as to Poydras, is the most adequate remedy for a breach of the relevant contracts.

## XII. RESERVATION

Plaintiff reserves the right to amend this Complaint to add claims, as discovered through the discovery process.

## XIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    For a preliminary and permanent injunction that Poydras, Shuffle Tech and Schultz, their agents, servants, representatives, attorneys, partners, successors, predecessors, assigns, and all persons acting for, with, by, through or under them, and

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302  Spokane, WA  99201
(509) 868-5389 (T)    (509) 271-3432 (F)

each of them, directly or indirectly be restrained and enjoined from selling, transferring, licensing, assigning, further encumbering, or in any way conveying the patent portfolio or royalties relating to the Licensed Patent Rights, which are the subject matter of the Agreements between the parties;

2.    For all damages as may be proven at trial;

3.    For an award of Plaintiff's reasonable attorney's fees and costs incurred herein;

4.    For pre-judgment and post-judgment interest;

5.    For specific performance, including but not limited to the grant of an exclusive, perpetual license to DigiDeal by Shuffle Tech, at a reasonable royalty rate;

6.    Award DigiDeal a constructive trust over the patent portfolio; and

7.    For such other and further relief as the Court deems just and equitable.

DATED this 19th day of August, 2014.

/s/ Eowen S. Rosentrater
EOWEN S. ROSENTRATER, WSBA No. 36744
*Attorney for DigiDeal Corporation*

LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
108 N. Washington St., Suite 302 Spokane, WA 99201
(509) 868-5389 (T)    (509) 271-3432 (F)