JEFFREY T. SPERLINE
SPERLINE RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Telephone: (509) 783-6633
Fax: (509) 783-6644
Washington Bar No. 24028
Attorneys for Shuffle Tec Int'L LLC,
Richard Schultz and Poydras-Talrick Holdings, LLC.

**NO ORAL ARGUMENT REQUESTED**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIGIDEAL CORPORATION, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SHUFFLE TECH INT'L LLC, an Illinois limited liability company, RICHARD SCHULTZ, an individual, POYDRAS-TALRICK HOLDINGS LLC, a Delaware limited liability company,<br><br>Defendant(s). | CASE NO.: 2:14-CV-00277-JLQ<br><br>**DEFENDANTS' AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER CASE**<br><br>**Hearing Date: February 13, 2015<br>Without Oral Argument** |

Defendants Shuffle Tech International LLC ("Shuffle Tech"), Richard

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 1 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

*s:\jts\active client files\shuffle tech* re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

Schultz ("Schultz") and Poydras-Talrick Holdings, LLC ("Poydras"), by and through their counsel Sperline Raekes, PLLC and pursuant to FRCP 12(b) (3) and 28 U.S.C. §1404(a), hereby move the Court for an order to dismiss this case or in the alternative to transfer this case to the U.S. District Court for the District of Arizona. This Motion is made and based upon the pleadings and papers on file herein, the following Memorandum of Points & Authorities, and any argument that counsel may present at a hearing on this matter.

Dated this 30th Day of December, 2014.

By: _____/S/_____
JEFFREY T. SPERLINE
SPERLINE RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Telephone: (509) 783-6633
Fax: (509) 783-6644
Washington Bar No. 24028
*Attorneys for Shuffle Tec Int'L LLC, Richard Schultz and Poydras-Talrick Holdings, LLC*

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 2 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER TO PROPER VENUE

## I.

## INTRODUCTION AND STATEMENT OF FACTS

This is a breach of contract case brought by the Plaintiff Digideal Corporation, Inc. ("Digideal"). Digideal has filed this complaint alleging breach of contract arising from the Master Patent Technology License and Sublicense Agreement executed on/about September 13, 2012 ("the Master Agreement"), and the First Amendment to the Patent and Technology License and Sublicense Agreement executed on/about July 22, 2013 ("the First Amendment")(collectively the Master Agreement and the First Amendment are referred to as "the Agreements"). The Agreements were executed by and between Shuffle Tech, Poydras-Talrick Holdings LLC ("Poydras"), and Digideal.[1] Richard Schultz is a Manager of Shuffle Tech, but is not a party to any of these agreements

---

[1] Digideal also asserts that Shuffle Tech and Digideal entered into a separate Exclusive Patent Technology License Agreement dated February 4, 2014 and limited to the State of Washington, which it refers to as "the Washington Agreement". Poydras was not a named party to the Washington Agreement. No party has asserted any breach or claims arising from the Washington Agreement.

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 3 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

in his individual capacity.[2]

The Master Agreement provides: "any actions, suits or proceedings arising out of or relating to this Agreement" must be brought in courts of the State of Arizona or the United States of America located in the State of Arizona, and governed by Arizona law. *See, Exhibit 1, the Master Agreement, page 11, paragraphs 12.3-4 attached hereto.* Although the Plaintiff has sued under the Master Agreement for breach of contract and other causes of action, the Plaintiff ignores the clear language of the contract which required that any action must be brought in the Courts of Arizona.

## II. POINTS AND AUTHORITIES

### A. A Motion to Dismiss Under a Contractual Forum Selection Clause Is Properly Brought Under FRCP 12(b)(3)

A motion to dismiss based on the enforcement of a forum selection clause is treated as a motion for dismissal based on improper venue under Fed. R. Civ. P. 12(b)(3). *Arguenta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

---

[2] At paragraph 2.69, Digideal conclusively alleges that "Richard Schultz is individually and/or jointly liable for the wrongful acts of Shuffle Tech International LLC as described herein", but fails to provide any evidence that Richard Schultz has acted in his individual capacity at any time, and Digideal further fails to assert any cause of action against Richard Schultz in his individual capacity.

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 4 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

"Under the Supreme Court's standard for resolving motions to dismiss based on a forum selection clause, the pleadings are not accepted as true, as would be required under a Rule 12(b)(6) analysis. [*10] " *Id.* (*citing Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991);*Bremen v. Zapata Offshore Co.*, 407 U.S. 1 (1972). (other internal citations omitted).) *Id.* at 324.

Unlike a 12(b)(6) motion, "a Rule 12(b) (3) motion permits the district court to consider facts outside of the pleadings." *Id.* In this context, courts have held that the party opposing enforcement must submit *evidence* that the clause is unenforceable. *Id.* (*citing Spardlin v. Lear Siegler Management Servs, Co.*, 926 F.2d 865, 868 (9th Cir. 1991)(forum selection clause enforced where appellant "'failed to produce evidence of inconvenience he would suffer by litigating in Saudi Arabia'" or even offer any specific allegations as to his inconvenience.")

### B. The Forum Selection Clause is a Provision of The Parties' Contract

All parties to the Agreements clearly and unequivocally agreed that "any actions, suits or proceedings arising out of or relating to this Agreement" shall be brought in courts of the State of Arizona or the United States of America located in the State of Arizona, and governed by Arizona law. This was not only affirmed

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 5 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

by execution of the Master Agreement in September 2012, but reaffirmed when the parties executed the First Amended Agreement in July 2013. *See, Exhibit 1, the Master Agreement, page 11, paragraphs 12.3-4, and Exhibit 2, the First Amendment.*

Specifically, at paragraph 12.4 of the Master Agreement:

"Each Party irrevocably and unconditionally consents to submit to the exclusive jurisdiction of the courts of the State of Arizona and of the United States of America located in Arizona for any actions, suits, or proceedings arising out of or relating to this Agreement and agrees not to commence any action, suit, or proceeding relating to the Agreement except in those courts. Each party further agrees that, except as set forth below, service of any process, summons, notice or document by U.S. registered mail to its respective address [shall be] effective service of process for any action, suit or proceeding brought against it. Each of the Parties hereby irrevocably and unconditionally waives any objection to venue of any action, suit or proceeding arising out of this Agreement in the courts of the State of Arizona or of the United States of America located in Arizona and further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any action, suit or proceeding has been brought in an inconvenient forum. Each party agrees that in the event that any

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 6 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

dispute cannot be resolved by good faith negotiation or mediation, the right to trial by jury shall be waived."*Master Agreement, page 11, paragraph 12.4.*

Federal courts in diversity actions apply state law to determine whether a forum selection clause is part of a parties' contractual relationship. *See, e.g., Comerica Bank v. Whitehall Specialties, Inc.*, 352 F. Supp. 2d 1077, 1082 (CD. Ca. 2004) ("While federal law governs questions concerning the interpretation and enforcement of forum selection clauses, federal courts involved with diversity actions apply state law to determine whether a contract that included a forum selection clause existed in the first place." (Internal citations omitted).). Here, the laws of Arizona control pursuant to the terms of the Agreements. Contractual choice of law provisions are generally held enforceable. <u>Ahlstrom v. Am. Circuit Breaker Corp.</u>, 518 N.W.2d 46, 48 (1994); <u>McGill v. Hill</u>, 31 Wn. App. 542, 547 (1982).

### C. Federal and State Law Favor Enforcement of the Forum-Selection Clause

Federal law governs the validity of a forum selection clause. *Arguenta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996). The United States Supreme Court held that a "forum-selection clause should control absent a *strong*

DEFENDANTS' AMENDED MOTION TO DISMISS
Page 7 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

*showing* that it should be set aside." *Bremen*, 407 U.S. at 15 (emphasis added) (holding "forum selection clause is prima facie valid and should be enforced unless the challenger *clearly shows* enforcement would be "unreasonable and unjust."). The burden is on the party opposing enforcement to show that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* . . .

The holding in *Bremen* has been adopted in the Ninth Circuit Courts, as well as the State Courts in Arizona and Washington. *Arguenta,* 87 F.3d 324 (9th Cir. 1996);*Societe Jean Nicolas Et Fil v. Mousseux*, 123 Aziz. 59 (1979); *Nautilus, Inc. v. Gately's LLC,* 2006 WL 3761340 (W.D.Wa 2006); *Kysar v. Lambert, 76 Wn. App. 470, 484 (1995);Hauenstein & Bermeister, Inc. v. Met-Fab Indus., Inc., 320 N.W.2d 886, 889 (1982).*

In a commercial context, enforcement of a forum selection clause serves the "salutary purpose of enhancing contractual predictability." *Bremen* at 18. This means "a forum selection clause may be enforced even if it is in a standard form consumer contract not subject to negotiation." *Carnival Cruise Lines*, 499 U.S. at 589-595. As a result, exceptions to enforcement have been narrowly construed by the Court and by those applying *Bremen* factors. *Bremen* at 18; *Carnival Cruise*

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 8 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

*Lines,* at 591. The Court held the following factors apply to determine unreasonableness:

(1) Was the forum selection clause incorporated into the contract through fraud, undue influence, or overweening bargaining power.

(2) Is the selected forum so "gravely difficult and inconvenient" that the complaining party will "for all practical purposes be deprived of its day in court."

(3) Enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Bremen* at 18. In sum, "[t]o establish the unreasonableness of a forum selection clause, [the opposing party has] the '*heavy burden* of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court.'" *Arguenta, S.A., 87 F.3d at 324.*.

None of these factors are present in the current case. All the parties are commercially sophisticated and have entered into the Agreements voluntarily and with advice of counsel. *Atlantic Marine Construction Company, Inc. v. United States District Court For The Western District of Texas, et. al.,* 571 U.S. ____ (2013). "When parties have contracted in advance to litigate disputes in a

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 9 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain." *[Id.]*

Finally, when evaluating defendant's motion to dismiss or transfer based on the forum-selection clause of the Agreements, this court should not consider arguments about the parties' private interests. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh *entirely* in favor of the preselected forum."*[Id. Emphasis added.]* There are no public interest factors for the Court to consider in this case.

### III. CONCLUSION

Any action arising from the Agreements must be brought in Arizona, or now transferred to the U.S. District Court for the District of Arizona. Digideal knew this, but chose to file this action in Washington anyway, without concern for

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 10 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

the added costs to this Court or to the Defendants. Based on the foregoing, this matter should be dismissed under Fed. R. Civ. P. 12(b)(3) because venue in this Court is improper pursuant to the Exclusive Jurisdiction provision contained within the Agreements.

Dated this 30th Day of December, 2014.

By: _____/S/_____
JEFFREY T. SPERLINE
SPERLINE RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Telephone: (509) 783-6633
Fax: (509) 783-6644
Washington Bar No. 24028
*Attorneys for Shuffle Tec Int'L LLC, Richard Schultz and Poydras-Talrick Holdings, LLC*

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 11 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

s:\jts\active client files\shuffle tech re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc

## CERTIFICATE OF SERVICE

Pursuant to LR-5.1, I certify that I am an employee of SPERLINE RAEKES, PLLC and that on this date I caused to be served a true and correct copy of the **DEFENDANTS' AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER CASE** on all the parties to this action by the method(s) indicated below:

_____    by placing an original or true copy thereof in a sealed envelope, with sufficient postage affixed thereto, in the United States Mail, Kennewick, WA and addressed to:

LAW OFFICE OF EOWEN ROSENTRATER, PLLC.
C/o Eowen S. Rosentrater, Esq.
108 Washington Street, Suite 302
Spokane, Washington 99201
eowen@eowenlawoffice.com
*Attorney for the Plaintiff DigiDeal Corporation*

___X___    by using the CM/ECF Notification System addressed to:

LAW OFFICE OF EOWEN ROSENTRATER, PLLC.
C/o Eowen S. Rosentrater, Esq.
108 Washington Street, Suite 302
Spokane, Washington 99201
eowen@eowenlawoffice.com
*Attorney for the Plaintiff DigiDeal Corporation*

___X___    by electronic email addressed to the above:
_____    by personal or hand/delivery addressed to:
_____    by facsimile(fax) addresses to:
_____    by Federal Express/UPS or other overnight delivery addressed to:

DATED the _30th_____ day of December, 2014.

_____/S/_____
DENNISE LUCKE, LEGAL ASSISTANT

DEFENDANTS' AMENDED
MOTION TO DISMISS
Page 12 of 12

SPERLINE ■ RAEKES, PLLC
601 N. Young Street, Suite A
Kennewick, WA 99336
Phone: (509) 783-6633
Fax: (509) 783-6644

*s:\jts\active client files\shuffle tech* re digideal vs. suffle tech file no. 14-115\pleadings\14-12-30 amended motion to dismiss.doc