1

2

3

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

5

6

7

8

9

10

11

12

13

14

15

16

17

DIGIDEAL CORPORATION, a
Washington Corporation,

        Plaintiff/
        Counterdefendant,

        v.

SHUFFLE TECH INT'L LLC, an
Illinois Limited Liability Company,
RICHARD SHULTZ, an individual,
POYDRAS-TALRICK HOLDINGS
LLC, a Delaware Limited Liability
Company,

        Defendants/
        Counterclaimants/
        Third-Party Plaintiffs

        v.

MICHAEL J. KUHN, an individual,

        Third-Party Defendant

NO. 2:14-cv-277-JLQ

ORDER DENYING STIPULATED
MOTION FOR PROTECTIVE ORDER

18

19

20

21

22

23

       BEFORE THE COURT is the parties' Stipulated Protective Order Governing
Confidential Information (ECF No. 29). The Proposed Order is broad and intended to
ensure that "confidential information exchanged during discovery or potentially submitted
to the Court by the Parties is not disclosed or used for any purpose outside of the above-
captioned lawsuit." The Proposed Order allows the parties to designate portions of
discovery as "confidential."

24

25

26

       It is not this court's general policy to enter 'blanket' protective orders. The Ninth
Circuit also does not generally approve of 'blanket' protective orders. See *Foltz v. State
Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding it could not sustain the district

ORDER - 1

1   court's blanket protective order because the district court did not require a specific

2   showing as to particular documents). Rule 26(c) provides that upon a showing of "good

3   cause" the court may enter a protective order. "A party asserting good cause bears the

4   burden, for each particular document it seeks to protect, of a showing that specific

5   prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. No

6   documents have been provided to the court for a determination of whether good cause

7   exists for a protective order. The parties are free to enter into an agreement as to

8   confidential documents without invoking the jurisdiction and supervision of the court.

9          **IT IS HEREBY ORDERED:**

10         1. The Stipulated Protective Order Governing Confidential Information (ECF No.

11  29) is **DENIED**.

12         2. The parties are free to make agreements concerning the conduct of discovery, and

13  apparently have so agreed. The court will not enter a Protective Order without a

14  particularized showing of other need as to specific documents. The denial of court

15  participation in the agreement between the parties does not affect the validity of any

16  agreement between the parties. The parties have stipulated to certain terms and conditions

17  to maintain the confidentiality of certain documents. Should the parties have need to file

18  any of the alleged confidential documents with the court, they may file the documents

19  under seal along with a motion to seal. At that time the court will determine if it is

20  appropriate to seal the referenced documents. The parties shall also comply with

21  Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

22         **IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish

23  copies to counsel.

24         **DATED** this 28th day of April, 2015.

25                          s/ Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH
26              SENIOR UNITED STATES DISTRICT JUDGE


ORDER - 2