1  EOWEN S. ROSENTRATER, WSBA No. 36744
2  LAW OFFICE OF EOWEN S. ROSENTRATER, PLLC
   108 N. Washington, Suite 302
3  Spokane, WA 99201
   Telephone: (509) 868-5389
4  Fax:  (509) 271-3432
5

6

7

8              UNITED STATES DISTRICT COURT
        IN AND FOR THE EASTERN DISTRICT OF WASHINGTON
9

10 DIGIDEAL CORPORATION, a
   Washington Corporation
11
                                      Case No.  2:14-CV-00277-JLQ
12                          Plaintiff,
                                      THIRD PARTY, MICHAEL KUHN'S
13        vs.                         RESPONSE TO DEFENDANTS'
                                      F.R.C.P. 12(B)(6) MOTION TO
14 SHUFFLE TECH INTERNATIONAL,        DISMISS
   LLC, an Illinois Corporation, RICHARD
15 SCHULTZ, an individual, and
   POYDRAS-TALRICK HOLDINGS
16 LLC, a Delaware Corporation
17
                          Defendants.
18

19

20        Plaintiff, DigiDeal Corporation, and Third Party Defendant, Michael Kuhn, by and

21 through their attorney of record, Eowen S. Rosentrater, hereby submit this response to

22 Defendants' F.R.C.P. 12(b)(6) Motion to Dismiss as follows:

23

24 //

25

26

   THIRD PARTY, MICHAEL KUHN'S
   RESPONSE TO DEFENDANTS' F.R.C.P.          **EOWEN ROSENTRATER**
   12(B)(6) MOTION TO DISMISS                A T T O R N E Y S
   P a g e | **1**                           108 N. Washington, Suite 302
                                             Spokane, Washington 99201
                                        509.868.5389 (telephone) 509.271.3432 (facsimile)

# I. INTRODUCTION

Third Party Claimant, Michael Kuhn, seeks judicial relief for actions taken by Defendants, Shuffle Tech International, LLC (hereinafter, "Shuffle Tech"), Richard Schultz and Poydras-Talrick Holdings, LLC (hereinafter, "Poydras"), including but not limited to claims for estoppel, frivolous claims, waiver, and laches arising out of Defendants' breach of contracts with Plaintiff, DigiDeal Corporation (hereinafter "DigiDeal"), the false statements and representations made by Defendant Richard Schultz to induce DigiDeal to enter into various agreements with Defendants Poydras and Shuffle Tech, and the false premise(s) upon which claims have been asserted against both DigiDeal and Mr. Kuhn, individually, by all first-party defendants.

# II. FACTS

As described in both DigiDeal's Complaint and in Third Party Defendant Michael J. Kuhn's Answer, Affirmative Defenses and Counterclaims, Poydras, Shuffle Tech and DigiDeal entered into an Exclusive Patent Technology License and Sublicense Agreement on or about September 13, 2012 (hereinafter, the "Master Agreement"), a First Amendment to the Patent and Technology License and Sublicense Agreement effective on or about July 22, 2013 (hereinafter the "First Amendment") and an Exclusive Patent Technology License Agreement on or about February 4, 2014 (hereinafter, the "Washington Agreement").

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

Under the Master Agreement, Shuffle Tech warranted that it was the sole owner of all of the "right, title and interest in" the subject matter of the Master Agreement. See, Doc. 34 at para. 2.4. Shuffle Tech also agreed to defend, at its expense, any third party action, suit or proceeding against DigiDeal. *Id.* at para. 2.5. Shuffle Tech, through its CEO Richard Schultz, made several mis-representations including but not limited to the fact it had already developed a camera based deck auditing system to be used in the products to be manufactured by DigiDeal, that the camera system had already been developed and that the cost of each system unit would be less than $100 per unit. *Id.* at para. 2.6- 2.8. Poydras also contractually agreed to pay $500,000 to DigiDeal for research, development, licensing, marketing, production of the licensed products. Doc. 34 at para. 2.10. In addition, DigiDeal was exempted from payment of royalties to either Poydras or Shuffle Tech, until units were placed into operation. *Id.* at para. 2.12. It was Poydras, not DigiDeal, that agreed to pay advanced royalties to Shuffle Tech. *Id.*at para. 2.13.  Poydras paid only $243,503 of the amount due to DigiDeal. *Id.* at 2.14.  In addition, in January 2013, DigiDeal was sued in Nevada District Court with regard to the licensed product which is the subject matter of the Agreements referenced herein. Doc. 34 at para. 2015. Shuffle Tech failed to defend.  Richard Schultz continued to make representations regarding Shuffle Tech's intent to defend.

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **3**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

1

2

3

After the Defendants' failure to comply with the obligations under the Master

Agreement, the parties entered into a First Amended Agreement. The basic obligations of

4

Poydras and Shuffle Tech did not change under the First Amendment. Poydras

5

maintained the responsibility for payment of advanced royalties to Shuffle Tech and

6

7

payment to DigiDeal and other third party vendors. Doc. 34 at para. 2.24-2.28. Shuffle

8

Tech maintained the responsibility for defending and indemnifying DigiDeal in the

9

pending lawsuit in Nevada District Court. *Id.* at para. 2.31.

10

Both Poydras and Shuffle Tech breached these obligations; yet again. Poydras

11

12

failed to make payments to third party vendors and to DigiDeal and Shuffle Tech failed

13

to defend and indemnify DigiDeal in the Nevada lawsuit. Doc. 34 at para. 2.36-2.41.

14

15

DigiDeal continued to rely upon the representations of Richard Schultz. *Id.* at para. 2.41-

16

2.61.

17

As a direct and proximate result of Richard Schultz's conduct, Poydras' conduct

18

19

and the conduct of Shuffle Tech, Mr. Kuhn and DigiDeal Corporation were harmed and

20

the claims asserted in both DigiDeal's Complaint and Mr. Kuhn's counterclaims against

21

Defendants are properly alleged based upon both law and fact.

22

//

23

24

//

25

26

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **4**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

# III. AUTHORITY

**3.1 Legal Standard.**

Under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, to constitute a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009); see also, *Bell Atlantic Corporation v .Twombly,* 550 U.S. 544 (2007). A complaint need only contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required to meet the standards of Rule 8. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Twombly,* 550 U.S. at 555). A plaintiff need not demonstrate a probability of success on the merits. *Id.* A court must accept all factual allegations in the complaint as true and all reasonable inferences must be drawn in the plaintiff's favor. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Sheppard v. David Evans & Assocs.,* 694 F.3d 1045, 1051(9th Cir. 2012).

The sole issue raised by a Fed. R. Civ. Pro. 12(b)(6) motion is whether the facts pleaded, if established, would support a claim for relief; therefore, no matter how improbable those facts alleged are, they must be accepted as true for purposes of the motion. *Neitzje v. Williams,* 490 U.S. 319, 326-327, 109 S. Ct. 1827 (1989). As stated in *Cordell v. Greater Columbia Global Support Network*:

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **5**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

the standards for dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) are different from the standards for summary judgment pursuant to Fed.R.Civ.P. 56. Unlike a summary judgment motion, which is decided on the basis of a factual record, Fed.R.Civ.P. 56(c), a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) requires the court to review only the pleadings to determine whether the pleadings state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b).

"On a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle plaintiff to relief." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 355 U.S. 41 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n,* 651 F.2d 1289, 1294 (9th Cir. 1981). *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); see also, *Van Buskirk v. CNN, Inc.,* 284 F.3d 977, 980 (9th Cir. 2002).

Here, each of the claims asserted by Mr. Kuhn state a claim pursuant to Fed.R. Civ. P. 12(b)(6) and satisfy the pleading requirements of Rule 8. In fact, Defendants acknowledge that "[e]ssentially, Shuffle Tech and Poydras's Third-Party Complaint asserts the same theory of liability against Mr. Kuhn as DigiDeal's Complaint alleges against Mr. Schultz." Doc. 36 at p. 6. If Mr. Kuhn's claims fail, then Defendants' claims fail as well and should be dismissed.

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **6**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

1
2       Further, neither the Affidavit of Jeffrey Sperline or Stan Johnson may be
3  considered.  "Generally, a district court may not consider any material beyond the
4  pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard*
5  *Feiner & Co.* , 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

   **3.2 Mr. Kuhn has sufficiently pled his Counterclaims and/or Affirmative**
6  **Defenses.**
7
8       It appears that Shuffle Tech and Poydras's primary concern with the claims
9  asserted by Mr. Kuhn is that they are asserted as counterclaims rather than affirmative
10 defenses. Second, Shuffle Tech and Poydras take the untenable position that a claim or
11 affirmative defense alleging a frivolous claim may only be brought by motion and should
12 not be asserted as a claim for affirmative relief. Neither of these positions entitle Poydras
13 or Shuffle Tech or Richard Schultz to an Order dismissing the claims asserted against
14 them by Mr. Kuhn.
15
16      *A. Fed. R. Civ. Pro. 12(b)does not require or permit dismissal of any asserted*
17      *equitable defenses.*
18
19      Federal Rule of Civil Procedure 8(c)(1) lists several possible affirmative defenses
20 or avoidances against claims for use in responding to a pleading.  This list is not
21 exhaustive and does not indicate or prove that each of the avoidances listed are not also
22 possible causes of action. As a single example of those possible defenses listed in Fed. R.
23 Civ. P. 8(c)(1), fraud is a cause of action, which must be specifically pled. See, Fed. R.
24
25
26

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **7**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

Civ. P. 9(b). Defendants' argument that Mr. Kuhn's claims must be dismissed under Fed. R. Civ. P. 12(b) on this basis is untenable.

Further, Fed. R. Civ. P. 8(c)(2) specifically states, "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated..." Here, regardless of whether Mr. Kuhn's claims were designated as an affirmative defense or a counterclaim, they were properly asserted and should not be dismissed. Mr. Kuhn risks waiving defenses and claims not affirmatively pled. Therefore, Mr. Kuhn asserted the following as both affirmative defenses and affirmative claims for relief, which are sustainable under Fed.R.Civ. P. 12(b); Fed. R. Civ. P. 8: Estoppel; frivolous claim under Fed. R. Civ. P. 11; waiver; and laches.

*B. A claim for relief based upon Fed. R. Civ. Pro. 11 or a state frivolous claim statute may be asserted affirmatively.*

Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence. *Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450 (9th Cir. 1987). The two problems that Rule 11 addresses are "frivolous filings" and the use of judicial procedures as a tool for "harassment." *Id.* (citing, *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir.1986). Sanctions are mandatory if the court concludes that Rule 11 has been violated.

THIRD PARTY, MICHAEL KUHN'S RESPONSE TO DEFENDANTS' F.R.C.P. 12(B)(6) MOTION TO DISMISS
Page | **8**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

Fed.R.Civ.P. 11; *Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450 (9th Cir. 1987).

Here, both DigiDeal and Michael Kuhn have sufficiently alleged claims regarding frivolous claims brought by Poydras and Shuffle Tech. Shuffle Tech and Richard Schultz know, and have admitted, that Poydras is in breach of the Master Agreement and First Amendment. Shuffle Tech and Richard Schultz terminated both agreements as to Poydras on October 30, 2013. Doc. 34 at para. 2.37 and Exhibit 6 thereto. However, they now assert breaches by DigiDeal and Michael Kuhn. Michael Kuhn properly asserted a sufficient basis regarding a frivolous claim: "Third Party Plaintiffs claims against Third Party Defendant Kuhn are advanced without a basis in law or fact and done maliciously to seek an impermissible financial gain in violation of RCW 4.84.185 and Fed. R. Civ. P. 11. At the conclusion of the matter, the Court will be asked to award such fees and costs as are allowed by law and in equity." Doc. 34 at para. 4.2.

Rule 11(c) provides a 21-day safe harbor period. Under this provision, Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion. Fed.R.Civ.P. 11(c)(2); *see also Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998). *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 639 (9th Cir. 2010). Mr. Kuhn has not yet brought a motion for sanctions or noted it for hearing. The timeframe for such a motion has not passed and Mr. Kuhn may still do so. The non-filing of a motion at this early stage in the litigation does not necessitate dismissal of an

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **9**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

asserted claim and/or affirmative defense. To rebut Defendants' position that they have

not had 21 days to withdraw a claim, however, it is notable that Mr. Kuhn's Answer,

Affirmative Defenses and Counterclaims were filed with the Court on May 22, 2015--

over 21 days have passed since its filing and no claim has been withdrawn.

Further, neither the Affidavit of Jeffrey Sperline or Stan Johnson may be

considered. "Generally, a district court may not consider any material beyond the

pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

   *C. Estoppel is a cause of action, which has been properly asserted.*

   Equitable estoppel is based upon a representation of existing or past facts, while

promissory estoppel requires the existence of a promise. *Chemical Bank v. Washington*

*Power Supply System*, 691 P.2d 524, 540, 102 Wn.2d 874 (Wn. 1984). Defendants argue

that equitable estoppel may not be used in an affirmative manner; however, our courts do

not consistently apply that rule and defendants do not cite a case on point. For instance, in

*Beggs v. Pasco*, 93 Wash.2d 682, 611 P.2d 1252 (1980), the court permitted estoppel to

be applied in what appears to be an affirmative manner. In addition, many cases mingle

promissory estoppel with equitable estoppel. See, *State v. Northwest Magnesite Co.,* 28

Wash.2d 1, 182 P.2d 643 (1947). Both theories are sufficiently pled in Mr. Kuhn's

Counterclaims and apply equally to the facts of this case.

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **10**

**EOWEN ROSENTRATER**
**A T T O R N E Y S**
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

'The well-understood idea of equitable estoppel is that, where a person wrongfully or negligently by his acts or representations causes another who has a right to rely upon such acts or representations to change his condition for the worse, the party making such representations shall not be allowed to plead their falsity for his own advantage.' *State v. Northwest Magnesite Co.,* 182 P.2d 643, 658, 28 Wn.2d 1, 28 (1947).  In either case, the representation or promise must be relied upon by the party asserting estoppel, and that reliance must have induced action or forbearance of a definite and substantial nature"...."change his condition for the worse,' so that it would be unjust for the other party to repudiate the representation or promise." *Id.*

Promissory estoppel is well-recognized as a cause of action for which a court may grant a remedy. See,  Restatement (Second) of Contracts s901(1)(1981), as cited by *Chemical Bank v. Washington Power Supply System*, 691 P.2d 524, 540,  102 Wn.2d 874 (Wn. 1984). A party seeking recovery under a theory of promissory estoppel must prove five prerequisites: (1) A promise that (2) the promisor should reasonably expect to cause the promisee to change his position and (3) that does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise. *Elliott Bay Seafoods, Inc. v. Port of Seattle,* 124 Wash.App. 5, 13, 98 P.3d 491 (2004).

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **11**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

Under federal law, a promissory-estoppel claim may be either equitable or legal in nature, depending on the context in which appears. *InCompass IT, Inc. v. XO Commc'ns Servs., Inc.,* 719 F.3d 891, 896 (8th Cir. 2013). In general, if the claim for relief is ordinarily found in law, such as contract damages, then the claim is more likely legal in nature. *See id.* The crux of the distinction is whether a plaintiff seeks equitable or legal relief. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 235 F.3d 1184, 1195 (9th Cir. 2000).

Here, Shuffle Tech, through its CEO Richard Schultz, made several representations, which DigiDeal relied upon and was harmed as a result. One such representation was that it was the sole owner of "all right, title and interest in and to the [Licensed Subject Matter] and every claim released herein, and it has not sold, assigned, transferred or otherwise disposed of any claim or demand.... related to the Licensed Subject Matter...." Doc. 34 at para. 2.4. This has proven to be untrue as on July 11, 2013, prior to the First Amendment, Shuffle Tech entered into a Security Agreement with Kerr IP Group ("KIPG"), granting KIPG a secured interest in the royalties due to Shuffle Tech, and the intellectual property owned by Shuffle Tech, which Shuffle Tech had licensed to Poydras and DigiDeal, as collateral in the amount of $400,000 in violation of the Master Agreement. Doc. 34 at para. 2.16.

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **12**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

Mr. Schultz and Shuffle Tech also misrepresented the fact it had already developed a camera based deck auditing system to be used in the products to be manufactured by DigiDeal, that the camera system had already been developed and that the cost of each system unit would be less than $100 per unit.  Doc. 34 at para. 2.5- 2.8. DigiDeal relied upon these representations by Shuffle Tech and Richard Schultz, altered its position, priced the product and estimated the cost of production to its detriment. The camera system had not been developed and the per unit cost to integrate the system was over $450 per unit; not less than $100 per unit as represented. *Id.* at para. 2.8. The development process took longer and cost more than expected in large part because of misrepresentations regarding the camera system made to DigiDeal by Shuffle Tech. *Id.* at para. 2.18-2.19. In Section 11.1 of the Master Agreement Shuffle Tech also agreed to:

> defend, at its expense, any third-party action, suit or proceeding against Licensor, Licensee and/or Sub-Licensee ("Claim") to the extent such Claim is based upon an allegation that a Licensed Product, as of its delivery date under this Agreement, infringes a valid United States patent or copyright or misappropriates a third-party's trade secret, subject to the following limitations: (a) Licensor shall have approved in writing the specific engineering and design of said Licensed Product, otherwise the terms of this Indemnification shall not apply, (b) Licensor's liability under this section shall be limited to claims of infringement against features described in Licensed Subject Matter, and shall exclude features not specifically described in Licensed Subject unless said features are specifically approved in writing pursuant to 11.1(a), and (c) Licensor's indemnification pursuant to this section shall terminate upon Licensee's exercise of the Right of Option or upon the sale of licensed Subject Matter pursuant to Sections 3.1-3.3. Licensor will indemnify Licensee and/or for the judgment amount finally

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **13**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

awarded by a court or agreed to in a settlement and reasonable attorneys'
fees resulting from a Claim as provided in this Section. The foregoing states
Licensor's entire liability and Licensee's and Sub-Licensee's sole and
exclusive remedy with respect to any infringement or misappropriation of
any intellectual property rights of any other party.

para. 2.5

In January 2013, a lawsuit was initiated in Nevada District Court against DigiDeal

Corporation by SHFL Entertainment, Inc. under case number 2:12-cv-01782, in which

SHFL Entertainment, Inc. alleged that a Licensed Product, manufactured by DigiDeal,

infringed a valid United States patent or copyright. para. 2.15. Shuffle Tech ultimately

defaulted on its payments to Kerr IP Group, the lawyers retained to represent DigiDeal in

this litigation. Doc. 34 at para. 2.32. DigiDeal was left no choice but to fund KIPG so that

it would not foreclose or force the sale of the Patent Rights, affecting DigiDeal's license,

or withdraw from its representation of DigiDeal in the litigation in which DigiDeal was a

named defendant, under the Security Agreement executed between Shuffle Tech and

KIPG. *Id.* at para. 2.33. DigiDeal was forced to enter into a new fee agreement with

KIPG and to essentially guarantee payment of the litigation costs at a higher rate than

previously committed by Shuffle Tech so as to avoid the forced sale of the patents or

disruption in the defense of the litigation as KIPG had threatened withdrawal from

representation. *Id.* at para. 2.34.

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **14**

EOWEN ROSENTRATER
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

First, Poydras agreed to pay DigiDeal approximately Five-Hundred Thousand Dollars ($500,000) for research, development, licensing, marketing, and production of the licensed product. para. 2.10. Poydras paid only $243,503 of the amount due to DigiDeal for development and initial production. Doc. 34 at para. 2.14. In the First Amendment, Poydras again promised to pay DigiDeal the remainder of the $500,000 and Poydras was required to immediately pay off outstanding debts owed to Sensory Labs, Watson Rounds, Kerr IP Group. *Id.* at para. 2.28. Poydras did not pay those debts or pay the remaining amounts owed to DigiDeal.

In reliance on Shuffle Tech, Poydras' and Richard Schultz representations and promises, DigiDeal spent a total of approximately $276,255 for development expense and production of 30 units; an additional $22,000 for outside engineering of the imaging processing system which Shuffle Tech agreed to pay for; and, over an additional $150,000 on internal engineering costs. Doc. 34 at para. 2.20.

DigiDeal, in reliance on the obligations under both the Master Agreement and the First Amendment, continued to expend significant time and monies developing the product. Doc. 34 at para. 2.41. At that time, Poydras had only paid approximately $10,000 of approximately $21,000 still owed to Watson Rounds, and still owed $12,000 to Sensory Labs, which severely limited DigiDeal's relationship with Sensory Labs, a critical technology supplier. Poydras never paid more than the $243,503 of the

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **15**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

approximately $500,000 it is required to pay DigiDeal under the Master Agreement and the First Amendment, making DigiDeal's obligations impossible under the Agreements. *Id.* at paras. 2.38-2.40. As a direct result of the reliance on the Defendants' representations and promises, DigiDeal and Michael Kuhn were harmed. DigiDeal and Mr. Kuhn's claims have been sufficiently alleged pursuant to Fed. R. Civ. P. 8(c).

    *D. Laches has been properly asserted.*

    Laches has long been recognized as a means to protect a party from unreasonable, prejudicial delay." *In re Beaty*, 306 F.3d 914 (9th Cir. 2002).  Laches is an equitable doctrine, left to the sound discretion of the District Court. *Id.* Review of a lower court's application of the doctrine is limited to a review for abuse of discretion. *Id.*

As pled by Michael Kuhn, Shuffle Tech and Richard Schultz terminated the Agreements with respect to Poydras on October 30, 2013. Doc. 34 at para. 2.37 and Exhibit 6 thereto. DigiDeal and Shuffle Tech and Richard Schultz continued to negotiate until after the entry of the Washington Agreement on or about February 4, 2014. Poydras did not assert any claims or object to the termination of the Agreements as to it until its response to DigiDeal's Complaint. Therefore, Poydras' claims are barred by laches, which has been properly pled by DigiDeal and Mr. Kuhn. Further, Mr. Schultz and Shuffle Tech took no legal action against DigiDeal or Mr. Kuhn prior to DigiDeal's Complaint being filed.

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **16**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

Their claims are also barred by the doctrine of laches. Mr. Kuhn's averment of laches should not be dismissed.

    *E. Waiver has been properly asserted*.

    Waiver is specifically recognized as a cause of action. See, e.g., *Wyler Summit Partnership v. Turner Broad. Sys*., 235 F.3d 1184 (9th Cir. 2000). Mr. Kuhn has adequately asserted a claim and/or affirmative defense for waiver. Mr. Kuhn asserted, "Third Party Plaintiffs breaches and subsequent nonperformance and actions taken subsequent to their breaches constitutes waiver of any and all claims asserted against Third Party Defendant Kuhn." Doc. 34 at para. 5.2. In addition, Third Party Plaintiffs failure to timely exercise any remedies available to them under the relevant Agreements constitutes a waiver of those rights, if any.

    *F.    Leave to Amend.*

    Even when a complaint fails to state a claim for relief, "[d]ismissal without leave to amend is improper unless it is clear that the complaint could not be saved by an amendment." *Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009). The standard for granting leave to amend is generous. See, Fed. R. Civ. P. 15(a)(2)("The court should freely give leave when justice so requires."). The court considers five factors in assessing the propriety of leave to amend--bad faith, undue delay, prejudice to the opposing party,

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **17**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)

futility of amendment and whether the plaintiff has previously amended the complaint.

*United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011).

Here, there has been no bad faith or delay on the part of DigiDeal or Mr. Kuhn. There is also no prejudice to the opposing parties at this early stage in the proceedings. There have been no prior amendments of pleadings and amendment would not be futile. Futility is established only if the complaint "could not be saved by any amendment." *Id.* (internal citations omitted). At this early stage of the proceedings, a number of additional facts could be provided to provide plausible support for Mr. Kuhn's claims. See, *Id.* Therefore, dismissal is inappropriate and leave to amend should be granted, if necessary to cure any deficiencies identified in Mr. Kuhn's or DigiDeal's pleadings.

### IV. CONCLUSION

Based upon the foregoing, Defendants' Motion to Dismiss should be denied and the parties should proceed to trial on the merits of Plaintiff's and Mr. Kuhn's properly alleged claims.

DATED this 21st day of July, 2015.

/s/ Eowen S. Rosentrater
EOWEN S. ROSENTRATER, WSBA No. 36744
*Attorney for DigiDeal*

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **18**

1

2        **CERTIFICATE OF SERVICE**

3        The undersigned certifies under the penalty of perjury that on July 21, 2015, I

4   electronically filed a copy of the foregoing document with the Clerk of the Court using

5   the CM/ECF System, which will send electronic notification of the filing to the

6   following:

7

8        Jeffrey T. Sperline
         Sperline Raekes, PLLC
9        601 N. Young Street, Ste. A
         Kennewick, WA 99336
10

11       H. Stan Johnson
         Cohen-Johnson, LLC
12       255 E. Warm Springs Rd., Ste. 100
         Las Vegas, NV 89119
13

14

15

16                              /s/ Eowen S. Rosentrater
                                EOWEN S. ROSENTRTER, WSBA No. 36744
17

18

19

20

21

22

23

24

25

26

THIRD PARTY, MICHAEL KUHN'S
RESPONSE TO DEFENDANTS' F.R.C.P.
12(B)(6) MOTION TO DISMISS
P a g e | **19**

**EOWEN ROSENTRATER**
A T T O R N E Y S
108 N. Washington, Suite 302
Spokane, Washington 99201
509.868.5389 (telephone) 509.271.3432 (facsimile)