UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DIGIDEAL CORPORATION, a Washington Corporation,<br><br>    Plaintiff/<br>    Counterdefendant,<br><br>    v.<br><br>SHUFFLE TECH INT'L LLC, an Illinois Limited Liability Company, RICHARD SHULTZ, an individual, POYDRAS-TALRICK HOLDINGS LLC, a Delaware Limited Liability Company,<br><br>    Defendants/<br>    Counterclaimants/<br>    Third-Party Plaintiffs<br><br>    v.<br><br>MICHAEL J. KUHN, an individual,<br><br>    Third-Party Defendant/<br>    Counterclaimant. | NO. 2:14-CV-277-JLQ<br><br>ORDER GRANTING IN PART DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS THIRD-PARTY COUNTERCLAIMS |

## I. Introduction

BEFORE THE COURT is Defendants Shuffle Tech International LLC, and Poydras-Talkrick Holdings LLC's Motion to Dismiss Third-Party Counterclaims (ECF No. 36). On August 19, 2014, Plaintiff DigiDeal Corporation ("DigiDeal") filed this lawsuit against Defendants Shuffle Tech, Poydras-Talkrick, and Shuffle Tech CEO

ORDER - 1

Richard Shultz ("Defendants"). DigiDeal's Complaint alleges Defendants violated numerous portions of agreements between the parties.

Defendants answered the Complaint and asserted counterclaims against DigiDeal and filed a Third-Party Complaint against DigiDeal CEO Michael Kuhn ("Kuhn"). ECF No. 17 and ECF No. 18. Kuhn answered and raised several affirmative defenses. ECF No. 34. He also asserted counterclaims against Defendants. ECF No. 34. Defendants now move to dismiss Kuhn's counterclaims. Contrary to Kuhn's assertion, Defendants do not seek to strike any of his affirmative defenses. In addition, Defendants do not argue that Kuhn's factual allegations are insufficient. Rather, Defendants assert that none of Kuhn's counterclaims are cognizable legal theories. Kuhn opposes the motion, arguing that he has sufficiently pled actionable legal theories. Believing his counterclaims are interconnected with DigiDeal's claims, Kuhn requests in the alternative to dismissal with prejudice that the court grant him and DigiDeal leave to amend their pleadings in order to plead additional facts.

## II. Background and Procedural History

This case stems from the various issues arising from multiple agreements between DigiDeal and Defendants. The complete history of the agreements and the parties' actions is set forth in the Order Denying Defendants' Amended Motion to Dismiss or in the Alternative to Transfer Case (ECF No. 9). The facts pertinent to the instant Motion are set forth below.

In his capacity as President and CEO of DigiDeal, Kuhn entered into contracts with Defendants on behalf of DigiDeal. ECF No. 1-1 at 14, 31, and 46. Defendants brought third-party claims against Kuhn under a theory of corporate officer liability for the alleged wrongful acts of DigiDeal and for representations Kuhn made in negotiations. ECF No. 18 at 11-12.

ORDER - 2

Kuhn answered the Third-Party Complaint, asserting affirmative defenses of estoppel, laches, and waiver to the claims brought against him. ECF No. 34 at 7-8. He also asserted, as an affirmative defense, that Defendants' claims are frivolous and Kuhn is entitled to attorneys' fees and costs pursuant to Fed.R.Civ.P. 11 and RCW 4.84.185. ECF No. 34 at 8.

Kuhn then brought counterclaims, making factual allegations almost identical to those alleged in DigiDeal's Complaint relating to the formation of contracts between DigiDeal and Defendants and Defendants' alleged breaches. *See* ECF No. 34 at 8-21. Kuhn set forth different legal theories than those of DigiDeal. Kuhn's four causes of action are: (1) estoppel; (2) frivolous claim and Fed.R.Civ.P. 11; (3) waiver; and (4) laches. ECF No. 34 at 21-23. For the first, third, and fourth counterclaims, Kuhn seeks to bar all claims made against him by Defendants. Kuhn states in his second counterclaim that he will seek fees and costs at the conclusion of the case. The question before the court is whether any of Kuhn's counterclaims are recognized causes of action.

### III.     Legal Analysis

To survive a motion to dismiss, the pleading must allege sufficient facts, which, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the court accepts the facts alleged in the complaint as true." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). However, a claim may be dismissed "based on the lack of a cognizable legal theory." *Id*.

ORDER - 3

## A.    Estoppel

Equitable estoppel seeks to prevent "a party from taking a position inconsistent with a previous one where inequitable consequences would result to a party who has justifiably and in good faith relied." *Silverstreak, Inc. v. Dept. of Labor and Indus.*, 154 P.3d 891, 901 (Wash. 2007). The elements of equitable estoppel are: "(1) an admission, statement or act inconsistent with a claim afterwards asserted, (2) action by another in [reasonable] reliance upon that act, statement or admission, and (3) injury to the relying party from allowing the first party to contradict or repudiate the prior act, statement or admission." *Lybbert v. Grant County, State of Wash.*, 1 P.3d 1124, 1128 (Wash. 2000) (brackets in original) (quoting *Board of Regents v. City of Seattle*, 741 P.2d 11, 14 (Wash. 1987)).

To establish promissory estoppel, the claimant must show: (1) the existence of a promise, which (2) "the promisor should reasonably expect to cause the promisee to change his position;" (3) which actually causes the promisee to change his or her position; (4) the promisee justifiably relies on the promise; and (5) does so in a manner injustice can only be avoided by enforcement of the promise. *Washington Educ. Ass'n v. Washington Dept. of Retirement Systems*, 332 P.3d 428, 435 (Wash. 2014).

Defendants characterize Kuhn's first cause of action as equitable estoppel, and argue it is an affirmative defense, not a cause of action. Defendants rely on cases where equitable estoppel was raised as an affirmative defense, and was understandably not discussed as a possible cause of action. *See Trade Associates, Inc. v. Fusion Technologies, Inc.*, No. C09-5804 RJB, 2011 WL 1485491, *3 (W.D. Wash. April 18, 2011). Defendants do not point to any case where equitable estoppel was brought as a cause of action. Kuhn asserts equitable estoppel is a cause of action and, even if it were not, his counterclaim survives because it constitutes promissory estoppel.

ORDER - 4

The court does not find persuasive Kuhn's argument that he has sufficiently pled a claim for promissory estoppel. Promissory estoppel is a recognized cause of action; however, Kuhn's counterclaim cannot reasonably be interpreted to support a claim for promissory estoppel.

Kuhn has not alleged that a promise existed between himself and any of the Defendants. All of his factual allegations involve alleged agreements between Defendants and DigiDeal. Additionally, Kuhn's allegations supporting this cause of action do not support an inference that he has asserted promissory estoppel. Kuhn alleges the Defendants' "breaches and defaults ... and their subsequent actions and conduct estop [Defendants] from asserting the claims set forth in the Third Party Complaint." ECF No. 34 at 22. Kuhn is not asking the court to hold Defendants to a promise. Rather, he is asking the court to prevent Defendants from asserting their third-party claims against Kuhn. This is consistent with the principles of equitable estoppel. For these reasons, the court finds Kuhn's counterclaim is one of equitable estoppel, not promissory estoppel.

Equitable estoppel has been held to only be an affirmative defense and not a cause of action. *Klinke v. Famous Recipe Fried Chicken, Inc.*, 616 P.2d 644, 646 (Wash. 1980). However, the Washington Supreme Court later recognized that this rule has not always been followed. *Chemical Bank v. Washington Public Power Supply System*, 691 P.2d 524, 540 (Wash. 1984). In 2014, the Washington Supreme Court analyzed a claim of equitable estoppel on the merits without any discussion of whether it was being properly brought as a cause of action. *Washington Educ. Ass'n*, 332 P.3d at 435-36. Given the Washington Supreme Court's apparent recognition of equitable estoppel as a cause of action and the Defendants not challenging the legal sufficiency of the factual allegations, the court cannot say equitable estoppel fails as an independent cause of action. Defendants' Motion is denied as to this counterclaim.

ORDER - 5

## B. Frivolous Claims

Fed.R.Civ.P. 11 allows the court to impose sanctions on an attorney or party for bringing claims that are legally or factually baseless. *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005). A party may file a motion for sanctions or the court may order a party to show cause in order to determine whether a violation of Fed.R.Civ.P. 11 occurred. Fed.R.Civ.P. 11(c)(2)-(3). The Enabling Act states that the Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive rights." 28 U.S.C. § 2072. Thus, Fed.R.Civ.P. 11 does not create an independent cause of action. *See Port Drum Co. v. Umphrey*, 852 F.2d 148 (5th Cir. 1988).

Under Washington law, the prevailing party in a civil action may move the court for reasonable expenses, including attorneys' fees "after a voluntary or involuntary order of dismissal, order on summary judgment, final judgment after trial, or other final order terminating the action." RCW 4.84.185. Before the party files such motion, the court must have made written findings that the claim or defense "was frivolous and advanced without reasonable cause." *Id*.

Defendants assert Fed.R.Civ.P. 11 and RCW 4.84.185 do not provide a cause of action. Defendants also argue that the third-party complaint, signed by counsel, did not violate Fed.R.Civ.P. 11. ECF No. 36 at 12-13. To support their argument, Defendants submitted declarations from counsel. The court does not consider these declarations because "[g]enerally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Kuhn asserts that he has a cause of action for frivolous claims under Fed.R.Civ.P. 11 and RCW 4.84.185 based on the Defendants' claims against him being without basis in law or fact and being brought maliciously. ECF No. 34 at 22. It is possible Kuhn is correct and the claims against him are frivolous. However, he has not brought a motion

ORDER - 6

for sanctions, nor has the court made the requisite findings for RCW 4.84.185 to apply. Kuhn points to no authority suggesting that either Fed.R.Civ.P. 11 or RCW 4.84.185 constitutes an independent cause of action. The court dismisses this counterclaim. Dismissing this counterclaim does not forbid Kuhn from bringing a motion at a later, appropriate time under Fed.R.Civ.P. 11 or RCW 4.84.185.

**C.    Waiver**

Waiver is "the voluntary relinquishment of a known right." *Cornerstone Equipment Leasing, Inc. v. MacLeod*, 247 P.3d 790, 796 (Wash. App. 2011). A party may raise waiver as an affirmative defense. *Fulle v. Boulevard Excavating, Inc.*, 582 P.2d 566, 569 (Wash. App. 1978). In a breach of contract lawsuit, a plaintiff may argue that a defense based on a contract provision was waived. *See Dombrosky v. Farmers Ins. Co. of Washington*, 928 P.2d 1127, 1133-34 (Wash. App. 1996). However, there is no known authority allowing waiver as a cause of action. *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823 JLR, 2011 WL 11480223, **4-5 (W.D. Wash. June 1, 2011).

Kuhn asserts waiver has been recognized as a cause of action. However, the case he relies on does not stand for that proposition. In *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 235 F.3d 1184 (9th Cir. 2000), the plaintiff alleged it had waived a contract provision, and as a result the defendant was in breach of contract. *Id*. at 1189. Waiver was not a claim or defense in that case; breach of contract was the cause of action. The Ninth Circuit's opinion is devoid of any discussion of waiver as an independent cause of action. Moreover, the cited case arose under California law, making it less persuasive to this case arising under Washington law.

Neither party has pointed to a case holding that waiver can be brought as an independent cause of action. The court is not aware of any cases holding that waiver constitutes a cause of action. While Kuhn may clearly raise it as an affirmative defense, Kuhn's counterclaim for waiver is not a cause of action and is dismissed.

ORDER - 7

**D.     Laches**

Laches is an affirmative defense based on estoppel. *Real Progress, Inc. v. City of Seattle*, 963 P.2d 890, 895 (Wash. App. 1998). The elements of laches are: "(1) knowledge by plaintiff of facts constituting a cause of action or a reasonable opportunity to discover such facts; (2) unreasonable delay by plaintiff in commencing an action; and (3) damage to defendant resulting from the delay in bringing the action." *Davidson v. State*, 802 P.2d 1374, 1381 (Wash. 1991).

Defendants quote a Washington case for the proposition that laches is only available as a defense. However, Defendants neglected to point out that their quotation was taken from the dissenting opinion of Justice Richard Sanders in which only one other justice concurred. *See King County v. Taxpayers of King County*, 949 P.2d 1260, 1289 (Wash. 1997) (Sanders, J., dissenting). Defendants also rely on a case involving laches being asserted as a defense, not as a cause of action. *See Trade Associates, Inc.*, 2011 WL 1485491 at *3. Neither of these cases establishes Defendants' position as a matter of law.

Kuhn's position is he properly pled laches and it may be a cause of action. The case he cites to addresses laches as an affirmative defense in a bankruptcy proceeding but does not provide a basis for laches constituting an independent cause of action. *See In re Beaty*, 306 F.3d 914 (9th Cir. 2002).

The court is not aware of any cases holding laches to be an independent cause of action. Neither party cited to authority directly supporting their position, but the available cases all suggest laches only exists as an affirmative defense. For these reasons, the laches counterclaim is dismissed.

**E.     Leave to Amend**

In considering whether to dismiss claims with or without leave to amend, there are five factors to evaluate: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended the

ORDER - 8

complaint. *U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). When dismissing claims under a Fed.R.Civ.P. 12(b)(6) motion, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Kuhn requests that if the court grants Defendants' motion, he and DigiDeal each be given leave to amend to add additional factual allegations. Kuhn asserts his counterclaims and DigiDeal's claims are interconnected, so that dismissing his counterclaims would result in a dismissal of DigiDeal's claims.

This does not accurately state the nature of Kuhn's counterclaims or DigiDeal's claims. While DigiDeal and Kuhn make nearly identical factual allegations, they each rely on different theories of law for relief. DigiDeal's claim rests on the theories of (1) breach of contract; (2) interference in contractual relations; (3) breach of implied covenant of good faith and fair dealing; (4) promissory estoppel; (5) unjust enrichment; and (6) specific performance. ECF No. 1 at 15-26. Kuhn's causes of action are distinct from DigiDeal's and he fails to show why dismissal of any of his claims would impact DigiDeal's claims.

Kuhn also misstates the arguments raised by Defendants in the instant Motion. Defendants only seek dismissal of Kuhn's counterclaims and as shown above, the fatal flaw in some of Kuhn's counterclaims is not due to a lack of factual allegations in support. Rather, some of Kuhn's claims are being dismissed because they are not independent and affirmative legal claims. They fail as a matter of law; no set of facts could cure this deficiency. Accordingly, the court does not grant Kuhn leave to amend to plead additional facts because additional facts could not cure his failure to state independent legal claims under the theories of liability asserted.

ORDER - 9

### III. Conclusion

Kuhn raises four counterclaims, but three of those do not constitute actionable causes of action. There is no authority permitting waiver or laches as an independent cause of action. Those counterclaims are dismissed, but Kuhn's properly pled affirmative defenses remains in effect as does his affirmative estoppel claim. Neither Fed.R.Civ.P. 11 nor RCW 4.84.185 provide an independent cause of action for frivolous claims. As such, this counterclaim is also dismissed. Kuhn is not granted leave to amend regarding any of these three counterclaims because no set of facts could remedy his failure to state a claim for relief.

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 36) is **GRANTED IN PART** and **DENIED IN PART**. Kuhn's counterclaims for frivolous claim, waiver, and laches are **DISMISSED WITH PREJUDICE** but remain as affirmative defenses.

2. Kuhn's counterclaim for estoppel remains at this stage.

3. The court observes that the parties and their counsel have spent a seemingly inordinate amount of time on formal pleadings. The parties and counsel are advised that their time and monies could be better spent on pretrial and trial preparation.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 16th day of September, 2015.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE
